IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BEVERLY S. GLASSCOCK                                                                    PLAINTIFF

v.                                           CIVIL NO. 08-5120

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Beverly S. Glasscock, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on February 18, 2004, alleging an inability to work since December 31, 2001, due to neck, back, hip and leg pain, migraine headaches, hypertension and asthma/possible chronic obstructive pulmonary disease (COPD). (Tr. 50-52, 353-355 ). For DIB purposes, plaintiff maintained insured status through December 31, 2006. (Tr. 10). An administrative hearing was held on March 14, 2006, at which plaintiff appeared with counsel and testified. (Tr. 372-414).

AO72A
(Rev. 8/82)

By written decision dated September 13, 2006, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found plaintiff had the following severe impairments: degenerative disc disease in her lumbar spine, status post anterior lumbar interbody fusion at the L5-S1 level, uncovertebral spurring in her cervical spine at the C3-4 level and questionable asthma versus chronic obstructive pulmonary disease (COPD). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and/or carry twenty pounds occasionally, ten pounds frequently; to push and/or pull within those limitations; to stand and/or walk up to six hours during an eight-hour workday; to sit up to six hours during an eight-hour work day; and to occasionally kneel and crouch. (Tr. 14). The ALJ found plaintiff must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found plaintiff was not disabled. (Tr. 16-17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 5, 2008. (Tr. 3-6). Subsequently, plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 2). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 6,7).

**II.   Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

### A.    **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial

gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

The medical evidence reveals plaintiff has a long standing history of back pain and problems, which included an anterior lumbar interbody fusion in November of 1991. The ALJ notes plaintiff's treating physician opined plaintiff was released back to work in November of 1996. However, a review of that release also indicates the restrictions in the functional capacity evaluation (FCE) should be maintained. (Tr. 112). That FCE is not part of the record and while this evidence is dated prior to the alleged onset date, permanent restrictions would clearly remain in place during the relevant time period unless lifted. The ALJ properly noted plaintiff did not seek treatment for back pain again until May of 2003, however, the medical evidence during the latter part of the relevant time period clearly reveals plaintiff's complaints of chronic back pain.

The record reflects after complaining a chronic back pain plaintiff was scheduled for an MRI on March 9, 2005, that revealed a prior anterior fusion at L5-S1 with widely patent central and lateral canals; a shallow left foraminal disk displacement at L3-4; and no high-grade focal disk protrusions or critical canal stenosis in the lumbar or visualized lower thoracic or upper sacral segments. (Tr. 260-265). The radiologist also included supplements on retrospinal soft tissue edema and piriformis syndrome to be considered by plaintiff's treating doctor when reviewing plaintiff's MRI results. There is no indication that plaintiff's treating physician reviewed the MRI in conjunction with the supplements or opined as to what limitations may be imposed on plaintiff due to the MRI results. In June of 2005, the emergency room physician noted plaintiff had undergone a MRI and that she was to see a specialist for a review of the results. (Tr. 256). There is no evidence reflecting that a specialist reviewed these findings. As this MRI was performed after the non-examining medical consultants completed their RFC

assessments it appears no physician reviewed the MRI results in conjunction with the supplements and opined as to what limitations plaintiff might have regarding her back.

After reviewing the entire evidence of record, we believe remand necessary so that the ALJ can more fully and fairly develop the record regarding plaintiff's lower back pain. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff - - including, Dr. Cyril A. Raben and Dr. Kevin Richter - - asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). We note, the ALJ may also order a consultative physical exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.** **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of August, 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE